UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WES JOSEPH PERTGEN | ) | CASE NO. 3:04-cv-00352-LRH-RAM |
| Petitioner, | ) | |
| | ) | ORDER DENYING CERTIFICATE OF |
| vs. | ) | APPEALABILITY FOR INTERLOCUTORY APPEAL |
| | ) | |
| E. K. MCDANIEL, et al., | ) | |
| Respondents | ) | |

On December 20, 2005, the court entered an Order denying petitioner's motion to dismiss appointed counsel (docket #36). On December 29, 2005, petitioner filed a notice of appeal and thereafter an application for certificate of appealability. Respondents have not responded.

Petitioner was permitted leave to proceed *in forma pauperis* in pursuit of this petition and, thus, shall be permitted to pursue his appeal without paying the filing fee.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of

> reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that petitioner has not met this standard.

Petitioner sought appointment of counsel to assist him in preparing and litigating his federal habeas corpus action. (docket #7). That motion was granted and a member of the CJA panel accepted the appointment. Thereafter, counsel filed an amended petition (docket #21), raising some sixteen grounds for relief. Petitioner signed the requisite verification of that amended petition. *Id.*

Petitioner then moved the court for appointment of new counsel or for leave to dismiss counsel and proceed with his *pro se* petition, contending that counsel had misrepresented facts and missed claims. *See* motions (dockets #24, #26, and #32). These motions were denied, the court having concluded that petitioner had adopted the amended petition with his verification and that to dismiss counsel would be a waste of judicial resources. Petitioner now seeks to appeal the denial of his motions to dismiss counsel.

Because there is no right to the assistance of counsel on post-conviction or habeas corpus review *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993), there is no right to the effective assistance of counsel for those proceedings. *Evitts v. Lucey,* 469 U.S. 387 (1985); *Knaubert v. Goldsmith,* 971 F.2d 722, 729 (9th Cir. 1986). Thus, petitioner has not made a substantial showing of the denial of a constitutional right. To terminate counsel at this juncture and require respondents to respond to petitioner's original, handwritten petition would waste resources of the court, including time and money.

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #39) is **DENIED**.

Dated this 13th day of February, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE