UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| WES JOSEPH PERTGEN | ) | 3:04-cv-00352-LRH-RAM |
| Petitioner, | ) | ORDER |
| vs. | ) | |
| E. K. MCDANIEL, et al., | ) | |
| Respondents | ) | |

On August 17, 2006, the court entered an Order dismissing the habeas corpus petition in this case (docket #49). Judgment was entered on the same day (docket #50).

On September 8, 2006, petitioner filed a Notice of Appeal (docket #51). He then filed a Motion for Certificate of Appealability (docket #53). Respondents have filed an opposition to the application for a certificate of appealability (docket #55).

Petitioner was permitted leave to proceed *in forma pauperis* in pursuit of this petition and, thus, shall be permitted to pursue his appeal without paying the filing fee.

The court will deny petitioner's application for a certificate of appealability. The standard for the issuance of a certificate of appealability calls for a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). The Supreme Court has interpreted 28 U.S.C. §2253(c) as follows:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000). The court finds that petitioner has not met this standard.

Petitioner argues that he is entitled to two years time to file his federal petition after resentencing because the grounds for relief he wished to raise were not properly raised in direct appeal and, thus, his post-conviction petition should be considered a direct appeal and he should be granted another year after this "direct appeal" was denied. The argument is wholly without merit.

The court finds that jurists of reason would not find debatable the question whether petitioner's habeas corpus petition was filed within the time allowed by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).

The court also finds the petitioner's other arguments to support a certificate of appealability fail to meet the standard set forth above. Specifically, petitioner blames his court appointed counsel for his lack of success in this forum. There is no guarantee of counsel on collateral review of a criminal conviction. *Evitts v. Lucey,* 469 U.S. 387 (1985). Since petitioner is not entitled to the assistance of counsel in this matter, his arguments are not persuasive.

**IT IS THEREFORE ORDERED** that petitioner's application for issuance of a certificate of appealability (docket #53) is **DENIED**.

Dated this 17th day of October, 2006.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

-2-